**Susan M. PARKER and the State of Utah, by and through Utah State Department of Social Services, Plaintiffs and Appellants,**

v.

**Robert K. CONGER, Defendant and Respondent.**

**No. 18425.**

Supreme Court of Utah.

Sept. 19, 1984.

David L. Wilkinson, Atty. Gen., Leon A. Halgren, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Howard H. Maetani, Provo, for defendant and respondent.

HOWE, Justice:

In 1981, plaintiffs filed this paternity action against the defendant, a nonresident of this state, alleging that he was the father of two illegitimate daughters born to plaintiff Susan M. Parker during a six-year period in which she cohabitated with him in Utah. Plaintiffs based defendant's amenability to process upon our "long-arm statute," U.C.A., 1953, § 78–27–24(3), which provides for jurisdiction over nonresidents for claims arising from "the causing of any injury within this state, whether tortious or by breach of warranty." Pursuant to Utah R.Civ.P. 12(b)(2), defendant made a special appearance to have the action dismissed for lack of personal jurisdiction over him. On March 23, 1982, the motion was granted on the ground that "sexual intercourse between consenting adults is not a tort as that term has been traditionally defined."

The trial court held that the long-arm statute could not reach defendant and dismissed the plaintiffs' action. Plaintiffs bring this appeal.

In 1983, § 78–27–24 was amended by the addition of subsection (7), which provides for jurisdiction over nonresidents for claims arising from:

> The commission of sexual intercourse within this state which gives rise to a paternity suit under Chapter 45a, Title 78, to determine paternity for the purpose of establishing responsibility for child support.

Without deciding whether the trial court erred, we observe that while this appeal was pending, the 1983 amendment was enacted. In light of that development, we remand the case to the trial court to permit the plaintiffs to obtain jurisdiction over the defendant under the amendment. No costs awarded.

HALL, C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.

ZIMMERMAN, J., does not participate herein.